O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LUMPKIN,<br><br>               Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>              Defendant. | CASE NO. CV 08-07451 (RZ)<br><br>MEMORANDUM OPINION AND ORDER |

      Although Plaintiff originally asserted that she was proceeding on an application for Supplemental Security Income, she since has conceded, in supplemental briefing requested by the Court, that her application concerns only a request for disability benefits under Title II of the Social Security Act. The Administrative Law Judge found that Plaintiff's Social Security insurance coverage ended in 1999, and Plaintiff does not dispute that finding in this Court. The Administrative Law Judge denied the application, finding no evidence of an impairment during the period of coverage.

      The decision of the Administrative Law Judge (the Commissioner's delegate) is to be upheld if backed by substantial evidence and conforming to the correct legal standard. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). Plaintiff points to no evidence that she was disabled before insurance coverage expired. Plaintiff identifies one 2006 doctor's report, indicating degenerative disc disease and degeneration of the facet

joints in certain parts of the spine [AR 206] and another 2006 doctor's report indicating a tear in her knee cartilage and degeneration of the knee [AR 204)], but there is no indication in either report that these situations even existed seven years earlier, when insurance coverage expired.  As the Court noted in *Flaten v. Secretary of Health and Human Services*, 44 F.3d 1453, 1458 (9th Cir. 1995), "individuals who apply for benefits under the Act after the expiration of their insured status, for a disability that prevents substantial gainful activity at the time of the application, must show that the current disability has existed continuously since some time on or before the date that their insured status lapsed." Plaintiff has not satisfied this requirement.

Plaintiff's arguments about the treating physician's findings, her own credibility, and potential side effects from medication, do not address the fundamental problem Plaintiff faces — that there is no evidence of a disability before Social Security coverage expired, and therefore, even assuming a current disability, no link between the current situation and the situation existing prior to the expiration of coverage.

Accordingly, the decision of the Administrative Law Judge must be affirmed.

DATED:  July 30, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE